UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER CRONIN and
MEREDITH CRONIN,

    Plaintiffs,

v.                                              Case No.:  2:24-cv-31-JLB-KCD

CLEAR BLUE SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiffs' Motion for Appraisal and to Abate All Proceedings Pending Completion of Appraisal. (Doc. 13.)[1] Defendant Clear Blue Specialty Insurance Company opposes the motion, arguing that Plaintiffs waived their right to invoke appraisal. (Doc. 15.) For the below reasons, the motion is granted.

### I. Background

This is a breach of contract case stemming from damage caused by Hurricane Ian. Because waiver turns on Plaintiffs' actions before invoking appraisal, the Court lays out the procedural history in detail.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Hurricane Ian made landfall on September 28, 2022, and Plaintiff submitted an insurance claim to Clear Blue the next day. In December 2022, Clear Blue issued its coverage determination, finding that part of the damages were covered and issued a payment that Plaintiffs believed underestimated the damage. In response, Plaintiffs hired counsel and, on June 7, 2023, demanded further payment of $458,054.55. Several weeks later, they filed a pre-suit settlement demand for $186,492. (Doc. 1-8.) Appraisal was not mentioned in these documents.

On November 21, 2023,[2] Plaintiffs filed suit in state court. (Doc. 5.) Along with the complaint, Plaintiffs served Clear Blue with generic discovery requests that included written interrogatories and requests for production of documents.

Clear Blue appeared in the state case on December 23, 2023, and removed the case on January 9, 2024. The Court, in turn, entered the Hurricane Ian Scheduling Order, which stayed discovery. (Doc. 7.) On February 1, 2024, Plaintiffs sent Clear Blue a written demand for appraisal (Doc. 13-3), and separately moved to compel appraisal. (Doc. 10.)

Through the motion, Plaintiffs invoke the appraisal provision of the policy:

---

[2] Clear Blue uses December 6, 2023, as the date the lawsuit was filed (Doc. 15 at 2), but the state court complaint indicates it was filed on November 21, 2023. (Doc. 4.)

**F. Mediation or Appraisal**

\*\*\*

**2. Appraisal**

If you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss.

Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of appraisal and umpire equally.

(Doc. 4-1 at 23.)[3]

## II. Discussion

Appraisal is a form of alternative dispute resolution that sets a disputed loss amount. *See State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 151 (Fla. Dist. Ct. App. 2020). When an insurance policy contains an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019). Appraisal is strongly preferred. *See Breakwater*

---

[3] The Court uses the page numbers generated by CM/ECF.

*Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-31-JLB-NPM, 2021 WL 1214888, at *2 (M.D. Fla. Mar. 31, 2021). And like other stipulations about dispute resolution, the Court enforces contractual appraisal provisions by non-dispositive order. *See Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *2 (M.D. Fla. Mar. 10, 2022) ("[B]ecause appraisal will not dispose of any claims or defenses, the Court does not treat the motion to compel appraisal as one for summary judgment.").

Clear Blue has stated that the damages caused by Hurricane Ian are covered but disputes the amount of loss. On the other hand, Plaintiffs believe that the damage caused by Hurricane Ian is much more extensive. Thus, because there is no dispute that at least some of the damage to the property is covered under the policy, the remaining dispute about the scope of the damage is appropriate for appraisal.

Still, Clear Blue contends that Plaintiffs waived their right to an appraisal. In Florida, a "party can [forfeit] its right to appraisal by actively participating in a lawsuit or engaging in conduct inconsistent with the right to appraisal." *Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, at *3 (M.D. Fla. Aug. 16, 2019). But "the question of [forfeiting an] appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-

4

seeking party made. Instead, the primary focus is whether the [movant] acted inconsistently with their appraisal rights." *Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 493 (Fla. Dist. Ct. App. 2014).

Clear Blue argues inconsistency, asserting that "significant litigation" occurred before the appraisal demand. (Doc. 15 at 4.) But a review of the procedural history shows the opposite. There was essentially a one-month delay from when Clear Blue appeared and Plaintiffs' appraisal demand (December 21, 2023 to February 1, 2024), and another one-month delay after removal (January 9, 2024 to February 1, 2024). And during that time, Plaintiffs did not actively litigate this case. The only discovery requests were served with the complaint, and there is no evidence that Clear Blue ever responded to them. In other words, the discovery machine had not yet started, and Plaintiffs were not pursuing discovery. Indeed, the Court stayed all discovery when entering the Hurricane Ian Scheduling Order. The circumstances here track cases in which similar litigation activity was found insufficient to trigger waiver. *Compare McPhillips v. Scottsdale Ins. Co.*, No. 2:18-CV-421-FTM-99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) (insured moved to compel appraisal one week after case was removed to federal court and about two months after case was first filed); *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, No. 2:18-cv-460-FtM-38CM, 2019 WL 721286 (M.D. Fla. Jan. 30, 2019) (plaintiff invoked appraisal within two months of removal to federal court and

before any discovery or motions practice took place); *Marram Corp. v. Scottsdale Ins. Co.*, No. 2:18-cv-204-FtM-38MRM, 2018 WL 4346809 (M.D. Fla. Aug. 21, 2018) (written notice of intent to invoke appraisal made five weeks after case filed, and motion to compel appraisal filed one month after case removed to federal court); *Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-81-FtM-38UAM, 2019 WL 4863134 (M.D. Fla. July 3, 2019) (written demand for appraisal made within two months of removal to federal court and before any discovery or motions practice), *with Shoma Dev. Corp. v. Rodriguez*, 730 So. 2d 838 (Fla. Dist. Ct. App. 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before invoking the arbitration clause); *Versailles Sur La Mer Condo. Ass'n, Inc.*, No. 6:18-cv-1125-Orl-37TBS, 2018 WL 3827154, at *4-5 (M.D. Fla. July 24, 2018) (finding insured waived right to appraisal where case was litigated in state court and federal court for nearly five months before the first written demand for appraisal issued, and the demand for appraisal came after an extensive document production); *CMR Constr. and Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-cv-779-FtM-99UAM, 2019 WL 2281678 (M.D. Fla. May 29, 2019) (right to appraisal waived where it was first invoked seven months after lawsuit was filed in state court, insured engaged in discovery in state court, participated in a case management conference in federal court, and

6

waited to make a demand for appraisal until after the case management and scheduling order issued and deadlines had passed).

Clear Blue also argues that filing this lawsuit before the appraisal demand constitutes waiver. But this sequencing argument fails. Clear Blue points the Court to no policy provision that requires an appraisal demand as a pre-condition of filing suit. *See Cudd v. State Farm Mut. Auto. Ins. Co.*, No. 22-13916, 2024 WL 65998, at *3-4 (11th Cir. Jan. 5, 2024).

Clear Blue also claims that Plaintiffs' roof replacement somehow factors into the waiver analysis. (Doc. 15 at 2.) But repairs do not preclude Plaintiffs from invoking appraisal because "the appraiser may consider the value of those repairs." *Pantoja v. Am. Sec. Ins. Co.*, No. 20-21069-CIV-MORENO, 2020 WL 2732346, at *3 (S.D. Fla. May 26, 2020).

Finally, Clear Blue argues prejudice. (Doc. 15 at 4.) But it offers this argument in one sentence and with no analysis. A party can waive an issue by failing "to make arguments and cite authorities in support." *Rubinstein v. Yehuda*, 38 F.4th 982, 995 (11th Cir. 2022). Such is the case here, and thus the issue of prejudice need not (and will not) be addressed.

At bottom, there is an "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have themselves contracted." *McGowan*, 411 F. Supp. 3d at 1296. Given

this preference, and with no facts showing waiver, the motion to compel appraisal will be granted.

According, it is **ORDERED**:

1. Plaintiffs' Motion for Appraisal and to Abate All Proceedings Pending Completion of Appraisal (Doc. 13) is **GRANTED**.

2. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file and **ADMISTRATIVELY CLOSE THE CASE**.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal by **May 21, 2024**, and every ninety days after that until appraisal has ended.

4. Within 15 days of a signed appraisal award, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed, if at all.

**ENTERED** in Fort Myers, Florida on February 21, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record